FILED
Sep 25, 2020
07:15 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS





## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **DAVID HARRIS,** | ) | **Docket No.: 2019-08-1128** |
| **Employee,** | ) | |
| **v.** | ) | |
| **PROVIDE STAFFING SERVICES,** | ) | |
| **LLC,** | ) | **State File No.: 35660-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **CAROLINA CASUALTY INS. CO.,** | ) | |
| **Carrier.** | ) | **Judge Deana C. Seymour** |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

---

David Harris claimed a work-related eye injury. The Court held an Expedited Hearing on September 18, 2020, about whether Mr. Harris is entitled to benefits. Because he did not prove a specific incident arising primarily out of his employment with Provide Staffing that caused his injury, the Court denies the requested benefits.

### History of Claim

Mr. Harris worked for Provide Staffing as a warehouse associate. He alleged an injury to his right eye on May 7, 2019. After the accident, he drove to a nearby emergency room.

According to his medical records, Mr. Harris presented with a burst right eye lid after hitting his eye on a pole. These records note that the location of the injury was "unknown." Mr. Harris received treatment for a conjunctival hemorrhage of the eye and was transferred to Regional One Health.

At Regional One, Mr. Harris initially advised he injured his eye "after running full force into the corner of a wall." However, Regional One records later noted that he provided a history of running, tripping in the street, and hitting his face on the concrete. Dr. Andrew Meador diagnosed a canalicular laceration with a suspected open globe injury and performed surgery.

1

After surgery, Mr. Harris returned to Dr. Meador on May 13 and mentioned he "was on a piece of machinery 5/7/19 that he lost control of and he hit the corner of a wall." Dr. Meador noted edema that was not present during his initial encounter and assessed traumatic optic neuropathy. He advised Mr. Harris that he may not recover vision in his right eye.

Over the next few months, Mr. Harris continued treating but did not recover his sight. His medical providers at UT Clinical Health discussed further reconstruction as well as removal of the eye. Dr. Meador referred Mr. Harris to his primary care physician or the Church Health Center for counseling services.

After an investigation, Provide Staffing denied the claim. Mr. Harris filed a Petition for Benefit Determination and a Request for Expedited Hearing with a supporting affidavit. In those documents, he stated he sustained injuries when his forklift overturned.

At the Expedited Hearing, Mr. Harris testified he was moving four bales of cotton from one side of the warehouse to the other when his forklift slid out of control and hit a pole. He denied that the forklift overturned. He also testified that the incident was witnessed by another warehouse worker. Mr. Harris explained he was wearing his lap belt, but the force of the collision caused him to rise off his seat and strike his face on the crossbar over his head. He noticed blood rushing from his nose and eye, so he went to his car to check his condition. When he saw his eye, Mr. Harris panicked and headed to the emergency room without reporting the injury.

On cross-examination, Mr. Harris did not dispute the initial medical records failed to mention a work injury. He explained he was incoherent and confused during his time at the emergency room and at Regional One. He also said his emergency room physician did not believe his account of how his injury occurred, and he recalled thinking about what he could say to make the providers at Regional One believe him.

Provide Staffing's member manager, Pat Morris, testified that he investigated an incident involving a forklift at the warehouse on May 7, 2019. Based on his investigation, no one witnessed the incident, and he found no damage to either the forklift or the pole. Mr. Morris saw no blood near the forklift, and no injury was ever reported to Provide Staffing. Mr. Morris further testified that forklift operators were required to wear lap belts under the company's safety rules, and if the lap belt were worn properly, it would prevent the operator from hitting his head on the forklift's overhead crossbar.

**Findings of Fact and Conclusions of Law**

At an Expedited Hearing, Mr. Harris must show that he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Specifically, Mr. Harris must show that he suffered "an injury by accident . . . arising primarily out of and in the course and scope of

2

employment[.]" Tenn. Code Ann. § 50-6-102(14) (2019). To do so, Mr. Harris must prove his injury is "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence[.]" Tenn. Code Ann. § 50-6-102(14)(A).

Here, the evidence showed that Mr. Harris provided multiple accounts of how his injury occurred. He claimed by affidavit his forklift overturned and his head hit a rail. He later denied that the forklift overturned and testified that his forklift hit a pole, causing him to strike his face on an overhead crossbar. However, none of the medical records in evidence recounted this same history. Records from the date of injury suggested that Mr. Harris either hit his eye on a pole at an "unknown" location, ran full force into the corner of a wall, or tripped while running in the street. None of the records mentioned his injury occurred at work. Further, Mr. Morris's investigation revealed no witnesses, blood, or damage to the pole or forklift.

Because of the inconsistency in Mr. Harris's descriptions of his accident and without witnesses and physical evidence supporting his claim, the Court cannot find at this time that he is likely to prevail on proving his injury arose primarily out of his employment. Therefore, the Court denies his request for benefits.

IT IS, THEREFORE, ORDERED as follows:

1. Mr. Harris's request for medical and temporary disability benefits is denied.

2. This case is set for a telephone Status Hearing on **November 16, 2020, at 8:30 a.m. Central Time.** The parties must call toll-free at 866-943-0014 to participate in the hearing.

ENTERED September 25, 2020.


_____
**Judge Deana C. Seymour**
**Court of Workers' Compensation Claims**

APPENDIX

Technical record:

TR1. Petition for Benefit Determination
TR2. Dispute Certification Notice, along with additional issues raised by the parties
TR3. Request for Expedited Hearing
TR4. Mr. Harris's affidavit
TR5. Employer/Carrier's Pre-Hearing Brief
TR6. Employer/Carrier's List of Witnesses
TR7. Employer/Carrier's List of Proposed Exhibits
TR8. Employee's Pre-Hearing Brief
TR9. Employee's List of Witnesses
TR10. Employee's List of Proposed Exhibits
TR11. Employer/Carrier's Motion to Strike

Exhibits:

1. Petition for Benefit Determination
2. Notice of Controversy
3. Medical records and Table of Contents filed by Employee on September 7, 2020 (Collective).

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on September 25, 2020.

| Name | Certified Mail | U.S. Mail | Email | Service sent to: |
|---|---|---|---|---|
| Juan Williams, Employee's Attorney | | | X | juan.williams@beyourvoice.com |
| Brent Morris, Employer's Attorney | | | X | bmorris@wimberlylawson.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____


_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*